# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 20, 2013

Lyle W. Cayce
Clerk

No. 13-20263
Summary Calendar

NATHAN SMITH,

Plaintiff-Appellant,

v.

DICK SHWARTZ, Esquire (personal and individual capacity); LAW OFFICE OF SCHWARTZ JUNNELL GREENBERG AND OATHOUT, ESQUIRE; RON WALKER, Esquire (personal and individual capacity); LAW OFFICES OF WALKER KEELING AND CARROLL; TERRY CARROLL, Esquire (personal and individual capacity); MALPRACTICE INSURANCE OF TERRY CARROLL; JEFFERY L. HART, Esquire (personal and individual capacity); MALPRACTICE INSURANCE CARRIER OF JEFFERY HART; BRUCE BENNETT, Esquire (personal and individual capacity); MALPRACTICE INSURANCE CARRIER OF BRUCE BENNETT; LAW OFFICE OF CARDWELL HART AND BENNETT; MORGAN DUNN O'CONNER, (personal and individual capacity); MORGAN DUNN O'CONNOR GST NON EXEMPT TRUST; BRIEN O'CONNOR GST NON EXEMPT TRUST; DUNN O'CONNOR FAMILY TRUST; MARIE SORENSON ESTATE,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
U.S.D.C. No. 4:12-cv-00469

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH

No. 13-20263

Plaintiff Nathan Smith appeals from a partial final judgment dismissing nearly all of his claims,[1] as well as from related prior non-final orders.[2]   We affirm.

Smith has engaged in litigation since 2007 in an attempt to obtain title to what he claims is a lost treasure ship located somewhere in Refugio County, Texas.   Two prior lawsuits established that Smith is not entitled to a salvage award under admiralty law and that he has no legal right to excavate the supposed shipwreck.   This is now the third lawsuit in which he seeks to litigate, through voluminous and increasingly convoluted pleadings, the issue of whether he can explore for the same shipwreck.

The district court granted summary judgment in favor of Defendants on nearly all of Smith's claims.   The district court adopted in full the magistrate judge's comprehensive and well-reasoned October 26, 2012 Memorandum and Recommendation, which noted that almost all of Smith's claims depend on a determination that he has an ownership interest in the alleged ship.   Because that issue has already been litigated in the two prior suits, however, the magistrate judge concluded that Smith is now barred by collateral estoppel, or

---

CIR. R. 47.5.4.

[1] The district court designated the partial judgment as final pursuant to Fed. R. Civ. P. 54(b), giving us jurisdiction under 28 U.S.C. § 1291.   Smith's only remaining claim, which is still before the district court, is one for legal malpractice against Defendants Richard Schwartz and the Law Office of Schwartz, Junnell, Greenberg and Oathout.

[2] These orders are the district court's November 16, 2012 order adopting the magistrate judge's October 26, 2012 memorandum and recommendation; the district court's November 16, 2012 preclusion order barring Smith from filing any more complaints or actions on the alleged shipwreck without prior leave of court; and the district court's May 1, 2013 order granting certain defendants' motions for entry of final judgment.

No. 13-20263

issue preclusion, from relitigating the issue in this proceeding.   Thus, all of Smith's claims depending on that issue were dismissed.

For essentially the reasons assigned in the magistrate judge's careful Memorandum and Recommendation, we affirm the judgment of the district court.